UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIRGINIA NIDO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 19-CV-07724-LHK<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 7, 14 |

Plaintiffs Virginia Nido and Rita Romeu ("Plaintiffs") bring this lawsuit against Defendants Nationwide Mutual Insurance Company and Crestbrook Insurance Company (collectively, "Nationwide Defendants") and Joseph Poyaoan ("Poyaoan") (collectively, "Defendants"). Before the Court are Plaintiffs' motion to remand, request for attorney's fees and costs, and Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan. Having considered the parties submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs' motion to remand. As a result, the Court DENIES Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim as moot. The Court also DENIES Plaintiffs' request for attorney's fees and costs.

1

Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

## I. BACKGROUND

### A. Factual Background

Plaintiffs owned property in Sonoma County that was insured under a "Nationwide Private Client" homeowners policy ("the Policy") issued by Nationwide Defendants. ECF No. 1, Ex. A ("FAC") ¶ 12. The Policy "provided fire protection for the dwelling and other structures" on Plaintiffs' property and "promised, in the case of fire, to pay Plaintiffs the full cost to repair or place [sic] the Property's dwelling up to $1 million, with additional coverages (and additional separate limits) for debris removal and code upgrades." *Id*. ¶¶ 12, 14. "The $1 million dwelling limit consisted of a declarations page limit of $500,000 modified by a replacement cost endorsement promising to pay up to 200 percent of the declarations page limit [of $500,000] without deduction for depreciation." *Id*. ¶ 14.

In October 2017, Plaintiffs' property was destroyed by "a series of devastating fires . . . in the County of Sonoma that destroyed hundreds of residential dwellings." *Id*. ¶ 16. "Plaintiffs lost the entire dwelling and all personal property inside the dwelling." *Id*. Plaintiffs promptly reported the loss of their property to Nationwide Defendants, who then "assigned the handling of Plaintiffs' fire claim to Defendant Poyaoan." *Id.* ¶¶ 17-18.

Poyaoan "acknowledged early in the adjustment process that the cost to repair the Plaintiffs' dwelling likely would exceed the declarations page limit of $500,000, triggering the Plaintiffs' 200 percent replacement cost coverage." *Id*. ¶ 21. "Believing they were entitled to the additional replacement cost coverage, . . . Plaintiffs interviewed various homebuilders . . . and chose Stately Construction, Inc. ('Stately') as their contractor. Stately performed debris removal and initial site work, and afterward submitted a proposed contract to rebuild the dwelling." *Id*. ¶ 22.

On January 4, 2019, Plaintiffs and Poyaoan discussed the terms of Stately's proposed contract, including the contract price. *Id*. ¶ 23. Poyaoan represented to Plaintiffs that Stately's proposed contract price was reasonable and noted that there would be "no problem" in approving the contract as Poyaoan "had seen contracts 'a lot higher than that given the labor and supply

2

situation in Sonoma.'" *Id*. Poyaoan then offered suggestions for final contract terms and asked for a written schedule of payments. *Id*. Plaintiff Nido sent Poyaoan the written schedule of payments on January 17, 2019. *Id*.

Plaintiffs did not hear from Poyaoan despite attempts to contact him by email on January 29, 2019 and February 8, 2019. In those emails, Plaintiff Nido explained to Poyaoan that the "permit set has been submitted and contract is just about finalized." *Id*. ¶ 24. On February 12, 2019, Poyaoan responded by email and told Plaintiffs that the "breakdown by trades is perfect." *Id*. ¶ 25. Because Poyaoan was aware that the Stately contract was essentially finalized, "Poyaoan did not ask to see the contract, but instead asked Plaintiffs to send him a 'summary description' of the proposed work." *Id*. Given Poyaoan's representations that the contract price was "no problem" and that the "breakdown by trades [was] perfect," Plaintiffs signed a contract with Stately. *Id*. ¶¶ 26-27.

On February 22, 2019, Plaintiff Nido sent Poyaoan by email a copy of the signed contract with Stately and asked whether Poyaoan needed any additional documents. After Plaintiffs did not receive any response from Poyaoan, Plaintiffs subsequently authorized Stately to begin its reconstruction work. *Id*. ¶ 28.

On March 12, 2019, Plaintiff Romeu received a telephone call from a different Nationwide adjuster. After multiple back and forth emails, some without responses by Nationwide, Plaintiffs again emailed documents to Nationwide on May 6, 2019, and stated, "As you can imagine[,] we have had to move forward with our rebuild or risk losing our contractors to other projects." *Id*. ¶¶ 30-33.

On June 10, 2019, Plaintiffs received "a remarkable email" that "announc[ed] that Defendant Nationwide had belatedly decided to engage a 'local consultant who knows the pricing situation in the area to review the bid and report back.'" *Id*. ¶ 35. By this time, "Plaintiffs had been under contract with Stately for more than 3 months without any objection from Defendant Nationwide or even the slightest expression of concern from Nationwide." *Id*.

3

After additional back-and-forth discussions, on July 25, 2019, Nationwide sent Plaintiffs a consultant's report challenging Plaintiffs' approved contract price with Stately. The report asserted that the reasonable price for rebuilding Plaintiffs' home was almost $600,000 less than the price Poyaoan approved more than five months earlier. *Id.* ¶ 41. Nationwide thereafter refused to issue additional payments to Plaintiffs, even after Plaintiffs requested that Nationwide reconsider its decision. *Id.* ¶¶ 41-50. Plaintiffs were forced to pay Stately from their own funds in an amount exceeding $140,000 and will be required to expend over $600,000 of their own funds in the future. *Id.* ¶¶ 37, 41, 45.

### B. Procedural History

On October 4, 2019, Plaintiffs filed suit in California Superior Court for the County of Santa Clara. ECF No. 1, Ex. A. On October 11, 2019 Plaintiffs filed a First Amended Complaint. ECF No. 1, Ex. A ("FAC"). The FAC alleges three causes of action: (1) breach of contract against Nationwide Defendants, FAC ¶¶ 51-54; (2) breach of the implied covenant of good faith and fair dealing against Nationwide Defendants, *id.* ¶¶ 55-60; and (3) negligent misrepresentation against Nationwide Defendants and Poyaoan, *id.* ¶¶ 61-64.

On November 22, 2019, Nationwide Defendants removed the instant case to this Court. ECF No. 1. One week later, on November 29, 2019, Nationwide Defendants filed a motion to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan. ECF No. 7. Plaintiffs filed an opposition on December 13, 2019, and Nationwide Defendants filed a reply on December 20, 2019.

On December 19, 2019, Plaintiffs filed a motion to remand and a request for attorney's fees and costs. ECF No. 14 ("Mot."). Nationwide Defendants filed an opposition on January 9, 2020, ECF No. 18 ("Opp."), and Plaintiffs filed a reply on January 16, 2020, ECF No. 19 ("Reply").

## II.  LEGAL STANDARD

### A. Motion to Remand

4
Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**B. Request for Attorney's Fees and Costs**

Following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees and costs is in the discretion of the district court. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Nonetheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

5

141 (2005).

The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at 1066-67. "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285 (N.D. Cal. 2019) (quoting *Dev. Bank v. Arthur*, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012)).

## III. DISCUSSION

Plaintiffs move to remand this case back to California Superior Court for the County of Santa Clara and request attorney's fees and costs. Defendants move to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan. Because the Court must address jurisdictional concerns first, the Court begins with Plaintiffs' motion to remand. *Tucker v. Travelers Indem. Co. of Connecticut*, 2017 WL 10456186, at *1 (N.D. Cal. Oct. 4, 2017) ("Because subject-matter jurisdiction is a threshold issue, the Court addresses Plaintiffs' motion to remand first."); *see also Friery v. Los Angeles Unified Sch. Dist.*, 448 F.3d 1146, 1148 (9th Cir. 2006) ("As standing implicates Article III limitations on our power to decide a case, we must address it before proceeding to the merits."). The Court then addresses whether any award for attorney's fees and costs is warranted. Finally, because the Court concludes that subject matter jurisdiction is lacking and remands the case to state court, the Court denies as moot Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan.

### A. Plaintiffs' Motion to Remand and Fraudulent Joinder

Defendants argue that the Court has diversity jurisdiction over this case such that subject matter jurisdiction is proper. Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. For the Court to have diversity jurisdiction, complete diversity of parties is required: "[I]n a case with multiple

6

Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

Defendants acknowledge that Poyaoan is a citizen of California such that his inclusion in the lawsuit would typically destroy complete diversity. Opp. at 3. Defendants, however, argue that Poyaoan is not a proper defendant because he was fraudulently joined. *Id.* This argument is crucial because fraudulently joined defendants who destroy diversity do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

"Fraudulent joinder is a term of art" and does not require a showing of bad faith. *Id.* As this Court has previously explained, "[t]here is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Beutel v. Wells Fargo Bank N.A.*, 2018 WL 3084660, at *2 (N.D. Cal. Jun. 22, 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)); *Heslop v. Ford Motor Co.*, 2019 WL 3026954, at *3 (N.D. Cal. July 11, 2019) (same). Joinder is fraudulent only when it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

This standard imposes a very high bar on removing defendants, which "accords with the presumption against removal jurisdiction, under which we strictly construe the removal statute, and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (quotation marks omitted). The Ninth Circuit has repeatedly held that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. at 548 (emphasis in original) (citations and quotation marks omitted); *see also Warner v. Select Portfolio Serv.*, 193 F. Supp. 3d 1132, 1137 (C.D. Cal. 2016) (stating that defendants face an

7
Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

"immense burden" in proving fraudulent joinder). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (internal quotation marks and citations omitted). Additionally, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

Specifically, in *Grancare*, the Ninth Circuit held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined" because "[a] standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits." *Id*. Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "*wholly insubstantial and frivolous*" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (emphasis added). In other words, courts should only find that a defendant was fraudulently joined if any deficiency in the complaint cannot possibly be cured by granting the plaintiff leave to amend. *Id*. at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

At the outset, the Court notes that Defendants' opposition to Plaintiffs' motion to remand appears to simply argue that Poyaoan was fraudulently joined because Plaintiffs' negligent misrepresentation claim against Poyaoan should be dismissed. Opp. at 3-13. However, as noted previously, *Grancare* explicitly holds that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 889 F.3d at 549. Rather, Defendants bear the burden of proving, by clear and convincing evidence, that Plaintiffs' negligent

8

misrepresentation claim against Poyaoan fails as a matter of law and that any amendment would be futile.

Defendants raise four arguments as to why the negligent misrepresentation claim against Poyaoan is meritless such that Poyaoan was fraudulently joined. First, Defendants argue that according to the settled rules of California, Poyaoan, an employee of an insurer acting within the scope of employment, cannot be held liable for the wrongs of his employer as a matter of law. Opp. at 9-13. Second, Defendants contend that Poyaoan's alleged statements are too vague to be actionable. *Id*. at 3-5. Third, Defendants assert that Poyaoan's alleged statements are not actionable because the statements concern future conduct. *Id*. at 5-7. Fourth, Defendants argue that Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading standard. *Id*. at 7-9. The Court addresses each argument in turn.

### 1. It Is Not Obvious According To The Settled Rules Of California That Plaintiffs Failed To State A Negligent Misrepresentation Claim Against Poyaoan

Defendants contend that under California law, "Poyaoan has no personal liability to plaintiffs for acts committed within the course and scope of his employment." Opp. at 9. To be sure, case law supports Defendants' argument. *Id*. at 9-10. Plaintiffs, however, point to *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), for the proposition that under California law, insurance claims adjusters can be held liable for negligent misrepresentation. Mot. at 13. In *Bock*, homeowners sued their insurer and an insurance claims adjuster for physical damage on their home. *Bock*, 255 Cal. App. 4th at 219. Among other claims, the plaintiffs brought a negligent misrepresentation claim against the adjuster based on his allegedly false statement that the plaintiffs' policy did not cover the cost of cleanup. *Id*. at 223. The California Court of Appeal concluded that the insurance claims adjuster could be held liable for his alleged mischaracterization of the insurance policy. *Id*. at 229-30.

Defendants acknowledge the existence of *Bock*, as they must, but argue that *Bock* is aberrational authority, and therefore, Plaintiffs' negligent misrepresentation claim against Poyaoan is meritless. Opp. at 10. Defendants, however, mischaracterize the correct standard. In

9

Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

determining whether a defendant was fraudulently joined, the proper inquiry is not whether a state court opinion is "aberrational"; rather, the relevant analysis is whether it is "obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined defendant]." *Hunter*, 582 F.3d at 1046.

Here, though *Bock* is one case, it is enough to "demonstrate that it is not obvious under California law that Plaintiffs cannot state a negligent misrepresentation claim." *Tucker*, 2017 WL 10456186, at *1 (relying on *Bock* to find that a non-diverse defendant was not fraudulently joined and remanding case to state court); *Maghsoodi v. Assurant, Inc.*, 2016 WL 4411479, at *4 (C.D. Cal. Aug. 15, 2016) ("Even if *Bock* is presumed to represent a minority view on this issue of law, that is not the relevant question here. The decision plainly demonstrates that a claim of the type Plaintiff has set forth here – even in the absence of any threatened or realized physical injury to Plaintiff – can potentially be asserted against Zernik. . . . As such, this Court cannot conclude that Plaintiff has failed to state a cause of action against Zernik or that any failure is 'obvious according to the settled rules' of California. . . . The Court therefore remands the action to Los Angeles County Superior Court."); *818Computer, Inc. v. Sentinel Ins. Co., Ltd.*, 2019 WL 698102, at *4 (C.D. Cal. Feb. 19, 2019) ("It is clear, however, that 'the uncertainty surrounding the proper scope of *Bock* indicates that Plaintiff's claim is not foreclosed by settled principles of California law and a state court must determine whether it has merit.' Now that *Bock* has arguably opened the door, even a little, it is up to the California Supreme Court to slam the door shut. . . . Therefore, the Court determines that Defendants fail to carry the 'heavy burden' of showing that there is *no possibility* that Plaintiff can state a claim against Brueckel for negligent misrepresentation." (quoting *Zuccolotto v. Zurich Am. Ins. Co.*, 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016))).

Accordingly, it is not obvious under California law that a negligent misrepresentation claim cannot lie against an insurance claims adjuster. *See Bock*, 225 Cal. App. 4th at 231 ("In sum, we hold that a cause of action for negligent misrepresentation can lie against an insurance

10

Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

adjuster.""). As a result, Defendants' first argument that Poyaoan was fraudulently joined in the instant case fails.

### 2. Defendants Have Not Established That Poyaoan's Statements Are Too Vague To Be Actionable Or That Any Deficiency Could Not Be Cured By Amendment

Next, the Court addresses Defendants' argument that Poyaoan was fraudulently joined in the instant case because his vague statements are not actionable.

Under California law, "[n]egligent misrepresentation is a species of fraud or deceit specifically requiring a positive assertion or assertion of fact." *Wilson v. Century 21 Great W. Realty*, 15 Cal. App. 4th 298, 306 (1993) (quotation marks and internal alterations omitted). Defendants argue that Poyaoan did not make any positive assertions or assertions of fact and that his statements to Plaintiffs "conveyed nothing affirmative." Opp. at 3-4. However, the FAC contains allegations that Poyaoan represented to Plaintiffs that Stately's proposed contract price was reasonable and that there would be "no problem" in approving the contract as Poyaoan "had seen contracts 'a lot higher than that given the labor and supply situation in Sonoma.'" FAC ¶ 23. The import of this allegation is evident: Poyaoan told Plaintiffs that Nationwide would approve their contract and reimburse them. Any such statement constitutes an assertion of fact.

Defendants' cited cases do not demand a contrary result. Generally, Defendants cite to cases for the general proposition that alleged negligent misrepresentations that do not make any positive assertions or assertions of fact are not actionable under California law. Opp. at 3-4. Other cases that Defendants cite are inapposite. For example, Defendants quote *In re Caere Corporate Securities Litigation*, 837 F. Supp. 1054, 1058 (N.D. Cal. 1993), for the proposition that "Defendants' statements are too vague to constitute actionable fraud." However, that quote appears in the section of the opinion pertaining to claims brought under Securities and Exchange Rule 10b-5. Though the plaintiffs in *In re Caere* did bring a negligent misrepresentation claim, the court only dismissed that claim because "all of the statements which Plaintiffs allege were misleading were made in routine SEC filings, press releases, or shareholder reports." *In re Caere*, 837 F. Supp. at 1062. That situation is not present here.

11
Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

Additionally, Defendants cite to *Ladas v. California State Automobile Association*, 19 Cal. App. 4th 761, 770 (1993), for the supposed rule that "a promise that is 'vague, general or of indeterminate application' is not enforceable." Opp. at 4. Beyond the fact that *Ladas* concerned a breach of contract claim and not a negligent misrepresentation claim, Defendants' quoted material appears nowhere in *Ladas*. Rather, the quoted provision appears to come from *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 446 (9th Cir. 1992) ("On the other hand, a promise that is 'vague, general or of indeterminate application' is not enforceable."). Even then, however, *Aguilar* does not help Defendants: *Aguilar* concerned a claim for promissory estoppel, not negligent misrepresentation. *Id*. at 445 ("The casual workers brought suit on a theory of promissory estoppel . . . ."). Accordingly, the Court holds that Defendants have not demonstrated that Poyaoan's alleged misrepresentations are too vague to be actionable.

Furthermore, in any event, even if Poyaoan's statements are too vague to be actionable under California law, Defendants have nonetheless failed to meet their heavy burden of establishing fraudulent joinder. As the Court previously noted, "[i]n the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Mireles,* 845 F. Supp. 2d at 1063 (internal quotation marks and citations omitted). Put another way, Defendants must establish that any deficiency in the complaint cannot possibly be cured by granting Plaintiffs leave to amend. *Grancare*, 889 F.3d at 550 ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Defendants do not argue that amendment would be futile or that there is no possibility that Plaintiffs could state a negligent misrepresentation claim in the instant case. As such, Defendants have failed to meet the demanding standard required to establish fraudulent joinder. Therefore,

12
Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

the Court also rejects Defendants' second argument that Poyaoan was fraudulently joined in the instant case.

### 3. Defendants Have Not Established That Poyaoan's Statements Concerning Future Conduct Are Not Actionable Or That Any Deficiency Could Not Be Cured By Amendment

Third, Defendants argue that Poyaoan was fraudulently joined in the instant case because his statements concerned future conduct and are therefore not actionable under California law. Opp. at 5-7. "Under California law, 'a negligent misrepresentation must ordinarily be as to past or existing material facts. Predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.'" *Naidong Chen v. Fleetcor Techs., Inc.*, 2017 WL 1092342, at \*13 (N.D. Cal. Mar. 23, 2017) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991)) (quotation marks and internal alterations omitted). Defendants argue that Poyaoan's statements that a proposed contract would be "no problem" and that the "breakdown by trades" in the draft proposal "was perfect" are non-actionable because Poyaoan was at best making predictions as to future events. Opp. at 5-6.

To be sure, Defendants' argument has merit. However, the Court finds that it is not obvious according to the settled rules of California that Plaintiffs could not prevail on their negligent misrepresentation claim against Poyaoan. Indeed, *Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299 (2014), is particularly relevant. In *Rufini*, the plaintiff brought a complaint that alleged, among other things, a negligent misrepresentation claim against CitiMortgage for representing that the plaintiff was approved for a loan modification and that he would receive a permanent modification in the near future even though CitiMortgage nonetheless intended to foreclose on the plaintiff's original loan. *Id*. at 302. Though CitiMortgage's statement that the plaintiff would receive a loan modification in the near future was arguably a prediction as to future events, the California Court of Appeal held that the plaintiff had adequately stated a claim for negligent misrepresentation. *Id*. at 308. The court read the plaintiffs' allegations as claiming that "CitiMortgage falsely told him he was approved for a permanent loan modification," and that such

13

"allegations [were] sufficient, for purposes of demurrer, to state a claim for negligent misrepresentation." *Id*.

Based on *Rufini*, the Court could interpret Poyaoan's statements not as predictions as to future events, but as statements that Nationwide would approve Plaintiffs' contract with Stately, which was by that time essentially finalized. FAC ¶¶ 24-25. Additionally, given that the Court "must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," Defendants have not met their heavy burden of establishing that Poyaoan was fraudulently joined in the instant case because his statements were non-actionable future predictions. *See Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013); *Mireles,* 845 F. Supp. 2d at 1063 ("In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." (internal quotation marks and citations omitted)).

In any event, as was the case with Defendants' previous argument that Poyaoan's statements were too vague to be actionable, Defendants have not argued or established that amendment would be futile. As the Ninth Circuit explicitly held, "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Because Defendants have not argued or established that amendment would be futile, the Court holds that this provides an additional reason as to why Defendants have not met their heavy burden of establishing fraudulent joinder for Poyaoan. As a result, Defendants' third argument that Poyaoan was fraudulently joined in the instant case also fails.

### 4. Defendants Have Not Established That Any Rule 9(b) Defect Could Not Be Cured By Amendment

Finally, Defendants argue that Poyaoan was fraudulently joined in the instant case because Plaintiffs failed to satisfy Rule 9(b)'s heightened pleading standard as to their negligent

14

Case No. 19-CV-07724-LHK
ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING MOTION TO DISMISS AS MOOT

misrepresentation claim against Poyaoan.

To satisfy the heightened standard under Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." (internal quotation marks omitted)). The plaintiff must also set forth "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks omitted).

"[N]egligent misrepresentation is a species of fraud, and, hence, must be [pled] in accordance with Rule 9(b)." *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1269-70 (N.D. Cal. 2014) (collecting cases). "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009). Defendants argue that Plaintiffs' allegations do not satisfy the second or third elements necessary to allege a negligent misrepresentation claim. Opp. at 8. However, even assuming that Defendants are correct that Plaintiffs have not adequately alleged the second and third elements for a negligent misrepresentation claim, the Court rejects Defendants' contention that Poyaoan was fraudulently joined in the instant case.

As noted previously, "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the

15

fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Here, for the first and only time, Defendants argue that "there is no basis for amendment." Opp. at 9. Defendants' assertion appears to be that Plaintiffs cannot allege any new facts with "factual consistency" when compared to any of Plaintiffs' prior pleadings. However, this argument is explicitly foreclosed by Ninth Circuit precedent.

In *PAE Government Services, Inc. v. MPRI, Inc.*, the Ninth Circuit held that "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading." 514 F.3d 856, 860 (9th Cir. 2007). As a result, Defendants have not established that amendment would be futile for this reason.

Furthermore, Defendants rely on several cases from this Court where plaintiffs' allegations were found to be deficient under Rule 9(b). However, in every single one of those cases, Plaintiffs were granted leave to amend to cure any identified deficiencies. *See DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *10 (N.D. Cal. Jan. 28, 2011) ("Plaintiffs' Second Amended Complaint is the third complaint they have filed in this action. . . . This is the third motion to dismiss that the Court has granted. The Court thus finds that permitting Plaintiffs to file a Third Amended Complaint would be futile."); *Wayne Merritt Motor Co. v. New Hampshire Ins. Co.*, 2012 WL 3071431, at *13 (N.D. Cal. July 26, 2012) ("The Court previously dismissed Plaintiffs' fraud claims without prejudice upon determining that Plaintiffs failed to plead reliance and damages with particularity."); *Watts v. Enhanced Recovery Corp.*, 2010 WL 4117452, at *2 (N.D. Cal. Oct. 19, 2010) (granting motion to dismiss negligent misrepresentation claim with leave to amend); *Williamson v. Reinalt-Thomas Corp.*, 2012 WL 1438812, at *2 (N.D. Cal. Apr. 25, 2012) (granting plaintiff leave to amend).

16

As a result, even assuming that Plaintiffs' negligent misrepresentation claim fails to satisfy Rule 9(b), Defendants have not established that amendment would be futile. In light of the Ninth Circuit's admonition that courts should only find that a defendant was fraudulently joined if any deficiency in the complaint cannot possibly be cured by granting leave to amend, the Court holds that Poyaoan is a proper defendant in the instant case. *See Grancare*, 889 F.3d at 550.

Accordingly, because Poyaoan is a proper defendant in the instant case, complete diversity is absent. The Court therefore lacks subject matter jurisdiction over the instant case and GRANTS Plaintiffs' motion to remand. The Court DENIES Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan as moot and next addresses Plaintiffs' request for attorney's fees and costs.

### B. Request for Attorney's Fees and Costs

Along with the motion to remand, Plaintiffs request an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). Fees are awarded at the discretion of the district court. *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 957 (C.D. Cal. 1999); *see also Cal. Spine & Neurosurgery Inst. v. Bos. Sci. Corp.*, 2019 WL 1974901, at *5 (N.D. Cal. May 3, 2019) (same).

Though Plaintiffs prevailed, the Court, in its discretion, declines to award any fees and costs. Although Defendants' arguments were ultimately unpersuasive, there is no evidence that Defendants' arguments were "entirely frivolous." *Prado*, 373 F. Supp. 3d at 1285. Additionally, Plaintiffs do not demonstrate the level of bad faith that courts have found justifies the imposition of costs and fees. *See, e.g., Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*, 2011 WL 4964963, at *3 (C.D. Cal. Oct. 18, 2011) (finding bad faith when defendant removed on the morning of trial

17

based on a defense defendant had asserted since the start of litigation).

Accordingly, the Court DENIES Plaintiffs' request for attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand, REMANDS the instant case to California Superior Court for the County of Santa Clara, and DENIES Plaintiffs' request for attorney's fees. Because the Court holds that it lacks subject matter jurisdiction over the instant case, it DENIES Defendants' motion to dismiss Plaintiffs' negligent misrepresentation claim against Poyaoan as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 14, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge